[No. 5281.　Decided April 7, 1905.]

Frank Harris, *an Infant, by his Guardian ad Litem,
E. S. Harris, Respondent,* v. Fidalgo Mill
Company, *Appellant.*[1]

Actions—Abatement—Plea of Another Action Pending—In-
fants—Suit by Next Friend—Demurrer Sustained in Former
Action.　In an action by an infant, by his father and guardian
*ad litem,* a plea of another action pending is properly overruled,
where it appears that the previous suit was commenced by the
infant by his father and next friend, that a demurrer was sus-
tained because the action was not commenced by a guardian
*ad litem,* and where nothing further was done in the action and
the complaint was never filed; since if the former action was
pending it could not become vexatious or afford full relief.

Judgment—Entry—Delay After Rendition of Verdict—Motion
to Vacate Irregular Judgment—Appeal—Review.　Failure to
enter a judgment immediately upon the return of the verdict is
not ground for reversal where no motion to vacate it was made
in the court below.

Appeal from a judgment of the superior court for Skag-
it county, Joiner, J., entered January 18, 1904, upon the
verdict of a jury rendered in favor of the plaintiff for
personal injuries sustained while employed in defendant's
mill. Affirmed.

*Quinby & Wells,* for appellant.

*E. W. Howell,* for respondent.

Dunbar, J.—This is an action brought by a minor,
thirteen years old, by his father and guardian *ad litem,*
against the Fidalgo Mill Company, a corporation, for per-
sonal injuries sustained while working in the appellant's
mill.　In substance, the complaint alleged negligence on
the part of the mill company in not furnishing the plaintiff

[1]Reported in 80 Pac. 289.

with a safe place to work, and in not notifying him of his danger. The answer denied negligence, and alleged affirmatively that there was, at the time of the commencement of this action, and was then, another action pending in the same court, between the same parties, for the same cause of action; and alleged contributory negligence on the part of the plaintiff. Plaintiff's reply denied generally the new matter in both of defendant's affirmative defenses. A verdict was rendered in favor of plaintiff for $100. Judgment was entered and appeal taken.

Upon the completion of respondent's testimony, the appellant moved for nonsuit, which motion was denied, and the action of the court in that respect is alleged as error here. An examination of the record in this case, without specially analyzing it, convinces us that the court did not commit error in this respect. The questions of negligence on the part of the company and contributory negligence on the part of the respondent, were properly submitted to the jury, there being testimony, if uncontradicted, to sustain the allegation of negligence on the part of the company.

Neither do we think the court erred in not granting the motion to dismiss the action because there was another action pending. It seems that, before the filing of the complaint upon which this judgment was rendered, a complaint and summons were served upon the appellant by Frank Harris, an infant, by his father and next friend, E. S. Harris. To this complaint the defendant demurred, on the ground that the plaintiff, being a minor, could only maintain his action by and through a guardian *ad litem,* and that he did not have capacity to sue through a father and next friend. This demurrer was sustained, and no further action was taken. The complaint was then served and filed in its present form, and upon this complaint the

case proceeded to judgment. While we do not think that another action is pending in this cause, the complaint never having been filed, it is not enough to show that another action is pending, but it must appear that such other action would be liable to become vexatious, and also that full relief could have been obtained in the former action. But, if the position that the appellant took on the demurrer is correct, viz., that the plaintiff had no capacity to sue in the first cause, the mere serving of the complaint and summons upon the appellant, which instruments were never filed in court, could not become vexatious or in any way interfere with the present case, or impose a double liability on the appellant. If the appellant had deemed itself in any way imperiled by the former proceeding, it had a complete remedy under the provisions of Bal. Code, §4972, by applying to the court for an order to file such pleadings forthwith, and, upon failure to comply, to dismiss the proceedings. But the pleadings never having been filed, and no attempt ever having been made to file them, we think they are absolutely harmless, so far as this action is concerned.

Neither does it seem to us that there is any merit in the contention that the judgment ought to be reversed because the judgment was not immediately entered upon the return of the verdict. These matters are largely directory, and, in any event, the judgment appealed from is a formal judgment, which the record now shows is signed by the judge and filed by the clerk, and no attempt has been made to vacate such judgment. This question was fairly passed upon by this court in *Brown v. Porter*, 7 Wash. 327, 34 Pac. 1105, where it was held that the decided weight of authority was to the effect that judgments entered as this judgment was entered were not void. It was also said by the court in that case—which remark is pertinent here— that, in any event, the appellants ought not to complain

as, in the event of its being void, the respondents were the parties injured thereby. In discussing the practice of entering judgments, it is said in 12 Am. & Eng. Ency. Law (1st ed.), 71, after reciting the fact that some courts have held that the failure of the judge to sign the judgment, where he was required to do so by statute, rendered the judgment void, "but generally such an omission does not invalidate the judgment;" citing many cases to sustain the announcement.

There seems to be no merit in any of the assignments, and the judgment is therefore affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.