[No. 7795.　Decided February 15, 1909.]

## GEORGE BUYKEN *et al.*, *Respondents*, v. THE LEWIS CONSTRUCTION COMPANY, *Appellant*.[1]

TRIAL—INSTRUCTIONS—RELEVANCY—TRESPASS—ISSUES ·AND PROOF. In an action for trespass alleged to have been committed without the knowledge or consent and against the will of the plaintiffs, in which the defendant justified the acts as done pursuant to a written contract ,with plaintiffs, it is prejudicial error, requiring a new trial, to give an instruction to the jury to the effect that, if the contract was established, the plaintiffs could not recover unless the jury find that acts negligently and carelessly performed caused the damage, there being no evidence or issue as to any negligence of the defendant, and a direct conflict in the testimony making the right of recovery doubtful.

Appeal from a judgment of the superior court for King county, Honorable John S. Jurey, judge *pro tempore*, entered July 23, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for trespass. Reversed.

[1] Reported in 99 Pac. 1007.

*Leander T. Turner* (*Sanford C. Rose*, of counsel), for appellant.

*Bo Sweeney*, for respondents.

RUDKIN, C. J.—This was an action in trespass to recover damages for sluicing down and removing earth from a certain lot in the city of Seattle owned by the plaintiffs. The defendant admitted the commission of the acts complained of, though not in manner and form as alleged, and pleaded by way of justification that the sluicing was done pursuant to a verbal contract between the plaintiffs and the defendant, which was afterward reduced to writing and signed by the defendant, though not by the plaintiffs. The reply denied the plea of justification as set forth in the answer. The cause was submitted to a jury under instructions from the court, and a verdict in favor of the plaintiffs in the sum of $1,500 was returned. From a judgment on this verdict, the defendant has appealed.

The principal assignment of error arises out of the following charge of the court, which was duly excepted to:

"If you find from the evidence that there was no such contract as alleged by the defendant in its affirmative defense, which is exhibit No. 2 in the case, but do find from the evidence that the acts performed by the defendant upon the said premises of the plaintiffs were performed with the knowledge and consent of the plaintiffs, then I instruct you that the plaintiffs cannot recover for such acts even though in your opinion the plaintiffs have been damaged thereby, *unless you find from the evidence that defendant negligently or carelessly performed the acts and by reason of such negligence and careless performance the plaintiffs had been damaged.*"

The latter part of this instruction is clearly without the issues presented by the pleadings. The action was prosecuted by the respondents solely on the theory that the acts complained of were committed without their knowledge or consent and against their will, and all their testimony was directed toward establishing the allegations of the complaint.

and proving the amount of the resultant damages. The testimony on the part of the appellant, on the other hand, was in support of its affirmative defense, and in reduction of the claim for damages. The question of negligence in the prosecution of the work was not an issue in the case under the pleadings, nor was it made an issue at any stage of the trial. There was no claim that any particular act committed by the appellant was negligently or carelessly committed, nor was there any attempt to segregate damages resulting from negligence from damages resulting from other and independent causes. The instruction was therefore erroneous, and calls for a reversal of the judgment unless we are able to say that the error was not prejudicial, and this we cannot do. There was a direct conflict in the testimony, and the right of recovery was questionable at least. The jury may have found that the acts committed by the appellant were so committed with the knowledge and consent of the respondents, but that damages resulted from the performance of the work in a manner the jury deemed negligent. Under such circumstances, it is incumbent on this court to order a new trial. *Bernhard v. Reeves*, 6 Wash. 424, 33 Pac. 873; *Comegys v. American Lumber Co.*, 8 Wash. 661, 36 Pac. 1087; *Kirby v. Rainier-Grand Hotel Co.*, 28 Wash. 705, 69 Pac. 378. In *Comegys v. American Lumber Co.*, *supra*, the court said:

"This instruction, although a correct statement of the law in a proper case, was not pertinent to the issues to be determined by the jury. The plaintiff in his complaint had stated the facts constituting his cause of action in accordance with the requirements of the code, and the cause of action stated was based upon an express contract, and could not be proved by showing that the defendant was guilty of a tort. The question as to whether the defendant had converted the property of the plaintiff to its own use, and was, therefore, liable for its value, was not in issue, and should not have been submitted to the jury. It is not in accordance with either the letter or spirit of the code to permit a plaintiff to allege one state of facts in his complaint and to recover by proof of an entirely different state of facts at the trial."

The appellant further contends that the court erred in ruling on the competency of one of the witnesses, and in refusing to grant a new trial for insufficiency of the evidence to justify the verdict. The former of these assignments is without merit and the latter is obviated by the reversal of the judgment on other. grounds.

For error in the instructions of the court, the judgment is reversed and a new trial ordered.

CHADWICK, FULLERTON, MOUNT, and CROW, JJ., concur.