[No. 8658.   Department One.   June 30, 1910.]

GEORGE BUYKEN *et al.*, *Respondents*, v. LEWIS CONSTRUCTION
COMPANY, *Appellant.*[1]

TRESPASS—JUSTIFICATION—EVIDENCE—QUESTION FOR JURY.   In an
action for trespass in sluicing and removing earth from plaintiff's
lots, it cannot be said, as a matter of law, that plaintiff's removal
from the premises to a house furnished by the defendant and per-
mitting the work to go on, established that the work was done under
a contract and that plaintiffs assented thereto, where the evidence
on this issue was conflicting.

DAMAGES—INJURY TO PROPERTY—EXCESSIVE VERDICT.   A verdict for
$1,500 damages from the sluicing and removal of earth from a lot
cannot be said to be excessive, where there was evidence that the
lot was worth $4,000 or $5,000 before the injury, and was now of
no value to live on, the nature of the wrongs was fully described to
the jury, two juries awarded the same damages, and two trial judges
had permitted the verdicts to stand.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered November 6, 1909, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for trespass.   Affirmed.

*Leander T. Turner* and *Sandford C. Rose*, for appellant.

*Bo Sweeney*, for respondents.

RUDKIN, C. J.—As stated in the opinion on the former
appeal of this case, *Buyken v. Lewis Construction Co.*, 51
Wash. 627, 99 Pac. 1007,

"This was an action in trespass to recover damages for
sluicing down and removing earth from a certain lot in the
city of Seattle owned by the plaintiffs.   The defendant ad-
mitted the acts complained of, though not in manner and
form as alleged, and pleaded by way of justification that the
sluicing was done pursuant to a verbal contract between the
plaintiffs and the defendant, which was afterwards reduced
to writing and signed by the defendant, though not by the

[1]Reported in 109 Pac. 608.

plaintiffs. The reply denied the plea of justification as set forth in the answer."

On the former appeal, the judgment was reversed and a new trial awarded for error in one of the instructions. The new trial resulted in a verdict in favor of the plaintiffs in the sum of $1,500, and from a judgment on the verdict, this appeal is prosecuted.

In support of the present appeal it is contended, first, that the evidence was insufficient to justify the verdict, and second, that excessive damages were allowed under the influence of passion and prejudice.

(1) The appellant maintains that the earth was sluiced and removed from the respondents' lot, under a contract between the appellant and the respondents, and that the respondents assented to the acts of which they now complain, at the time of their commission, but upon these questions there is a direct conflict in the testimony. It will readily be conceded that the conduct of the respondents in moving from their home on the lot in question to a house furnished by the appellant, and in permitting the work to go on, without remonstrance or protest, is inconsistent with their present claims, but there is no fixed standard by which the conduct of men can be measured, and under all the circumstances the issue between the parties was for the determination of the jury. It cannot be said, as a matter of law, that the conduct of the respondents was so far inconsistent with their present claims as to utterly destroy their direct and positive testimony.

(2) The testimony in support of the claim for damages was not as clear and specific as it might be, yet we think it was ample to sustain the verdict. There was competent testimony tending to show that the respondents' lot and improvements were of the value of $4,000 or $5,000, before the commission of the wrongs complained of, and while the testimony as to their value after the removal of the earth is somewhat indefinite, the nature of the wrongs were fully described to

the jury, and the testimony on the part of the respondents tended to show that the lot in its present condition is of no value to live upon. Under such circumstances, and in view of the fact that two juries awarded the same damages, after viewing the premises, and two trial judges who heard the testimony permitted the verdicts to stand, the claim that excessive damages were allowed under the influence of passion and prejudice cannot be sustained.

The judgment is therefore affirmed.

FULLERTON, CHADWICK, MORRIS, and GOSE, JJ., concur.