[No. 9143.   Department One.   March 13, 1911.]

LILLY CALDWELL, *Respondent* v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant.*[1]

CARRIERS—PASSENGERS—ACTIONS—INSTRUCTIONS.   In an action by a passenger against a railroad company for breach of its contract of carriage, it is proper to instruct the jury as to the duty of the carrier to furnish seats, where the plaintiff contended that she was compelled to sit on the floor of a car for want of suitable seats.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.   In an action against a carrier a specific instruction is not objectionable as failing to point out the distinction between unintentional and wanton wrong, where by another instruction the jury were told that to recover more than nominal damages wanton or wilful disregard of plaintiff's rights must be shown.

[1]Reported in 113 Pac. 1099.

APPEAL — REVIEW —VERDICTS —EXCESSIVENESS—SUCCESSIVE VER-
DICTS—DAMAGES.  Although a verdict for $1,000 for insults to a
passenger was set aside as excessive, a second verdict for $1,200,
on much the same evidence, will not be set aside for excessiveness,
where it is not probable that a third trial would result differently.

Appeal from a judgment of the superior court for Clarke
county, McMaster, J., entered April 20, 1910, upon the
verdict of a jury rendered in favor of a passenger for dam-
ages by reason of insults by the conductor.   Affirmed.

*A. L. Miller* and *Geo. T. Reid,* for appellant.

*Frank E. Vaughan,* for respondent.

FULLERTON, J.—This cause was before this court on a
former appeal, and will be found reported in 56 Wash. 223,
105 Pac. 625, where will be found also a full statement of
the facts giving rise to the controversy.   By reference to
the opinion on the former hearing, it will be observed that
the jury at the first trial awarded the plaintiff for her in-
juries the sum of $1,000, and that this court thought the
verdict so far disproportionate to the actual injury sus-
tained as to require the submission of the question to another
jury, and reversed and remanded the case solely for that
reason.   At the second trial the jury returned a verdict for
$1,200, and this appeal is from the judgment entered thereon.

The appellant assigns error upon the instructions of the
court to the jury.   It is urged against the first instruction
that the court therein undertook to define the duties of rail-
way companies towards its passengers with reference to fur-
nishing them with suitable seats, when, as it contends, the
question was not involved in any of the issues of the case.
But we think a reference to the statement of the case made
at the former hearing will make it appear that this question
was directly in issue.   One of the principal contentions of.
the plaintiff was that she was compelled to sit on the floor of
the car in which she was carried for want of suitable seats
therein.   It was proper, therefore, to instruct the jury as to

the duties of the defendant with regard to furnishing suitable seats for its passengers.

It is complained of the remaining instructions that they fail to draw the distinction between unintentional wrong and wanton and wilful wrong. But while this criticism may be just as applied to the particular parts of the instruction pointed out, it seems to us that it is not warranted when applied to the instruction as a whole. For example, the court gave this instruction:

"You are instructed that a party is entitled to recover for the actual measurable wrongs sustained, and in addition thereto such damages as result from injury to the feelings, or as it has been put, compensation for mental suffering; but there must be some ground upon which to base this element. Damages do not flow from the mere declaration of the party that he has suffered in feeling. There must be some evidence or circumstances showing some reason for the mental attitude of the person who alleges the wrong; so that in order to justify a recovery on this account for more than nominal damages, the wrong must be attended by circumstances showing wanton or wilful disregard of the rights of the passenger."

We think it must have been understood by the jury that this was intended to qualify all that had been previously said by the court on the same subject.

Finally, the appellant again complains of the amount of the verdict, and asks for a reversal on that ground. But, while it is true that the evidence in favor of the plaintiff is pretty much the same as it was on the former hearing, and that there appears to be but little in the record to warrant a finding that the conductor acted in a wanton manner, yet we realize that the respondent has the right, in virtue of the constitution, to have that issue tried by jury, and since there has been two separate trials with practically the same results in each, we feel that it would be an injustice to require a third trial on the particular ground. The right of trial by jury being a constitutional right, the courts, in law

actions, may not take questions of fact away from them and determine such questions for themselves merely because they do not agree with the jury's findings. While we have no doubt of our power to grant new trials where verdicts appear excessive, yet it is a power that should be exercised within reason, and only where it is reasonably plain that justice will be promoted thereby. In this case it hardly seems probable that a third trial would result in a verdict different from those heretofore returned, and this being true, certainly justice would not be furthered by another trial.

The judgment is affirmed.

MOUNT and PARKER, JJ., concur.