[No. 10211.    Department Two.    September 18, 1912.]

N. S. EOFF, *Respondent*, v. SPOKANE, PORTLAND AND
SEATTLE RAILWAY COMPANY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES—DEPEND-
ENT FAMILY. In an action for personal injuries, it is not prejudicial
error to allow the plaintiff to state that he is a man of family, con-
sisting of a wife and three children, where it was not accompanied
by proof of dependency of the family; as it is of a preliminary na-
ture and weighs upon his credibility and good faith.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR. In a personal in-
jury case, error, if any, in permitting the plaintiff to testify that
he had a wife and three children is not prejudicial, where it was
shown by other evidence that he had a home and wife.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. Where a ver-
dict for $10,000 for personal injuries resulting in traumatic neuras-
thenia was set aside as excessive, and on a retrial, a like verdict
was rendered, the liability being admitted and the sole issue being
the amount of damages, and it was not contended that the injuries
were trivial, the verdict should not be set aside as excessive, when
supported by plaintiff's evidence and by part of the expert witnesses.

Appeal from a judgment of the superior court for Klicki-
tat county, McKenney, J., entered November 3, 1911, upon
the verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by a passenger through
the derailment of a train.    Affirmed.

*Carey & Kerr, Charles A. Hart*, and *A. L. Miller*, for ap-
pellant.

*E. C. Ward, N. L. Ward*, and *W. H. Wilson*, for respond-
ent.

FULLERTON, J.—The appellant is a common carrier, and
owns and operates with other lines a line of railroad extend-
ing between the towns of Goldendale and Lyle, in Klickitat
county, in this state.    On February 10, 1910, the respondent

[1]Reported in 126 Pac. 533.

was riding as a passenger on one of the appellant's trains passing between the towns named, when a derailment occurred, caused by some fault in the equipment. The car on which the respondent was riding overturned, and the respondent fell or was thrown from one side of the car to the other. He struck upon his neck and shoulders and received, as he claims, severe and permanent injuries. This action was brought to recover for the injuries so received. After issue had been joined on the complaint, a trial was had before the court and a jury, which resulted in a verdict in plaintiff's favor for the sum of $10,000. The appellant moved against the verdict on the ground that it was not sustained by the evidence, being grossly excessive, and appeared to have been rendered under the influence of passion and prejudice. The trial court thought the verdict excessive, and gave the respondent the option of taking a judgment of $5,000 or submitting to a new trial. The respondent submitted to a new trial, and again a verdict was returned in his favor for the sum of $10,000. This verdict was likewise moved against by the appellant on the ground, among others, that it was grossly excessive and appeared to have been rendered under influence of passion and prejudice. This motion the trial court overruled, and entered a judgment in the respondent's favor for the amount of the verdict. This appeal followed.

In this court the appellant makes two principal assignments of error. It contends first, that the court erred in permitting the respondent to testify that he had a family and that it consisted of his wife and three children; and second, in refusing to set aside the verdict on the ground that damages awarded were excessive and appeared to have been given under the influence of passion and prejudice.

As to the first assignment of error, it is a general rule, we think, that the damages that may be recovered in an action for personal injuries must be confined to the actual injuries suffered by the complainant, and cannot be augmented

by showing that others will suffer because of the injury also, as that the complainant had a family, or relatives, or other persons dependent upon him for support. Cases can be found, also, which hold it reversible error in such cases to permit the introduction of evidence showing that the complainant had a family, even without the showing that they were dependent upon him. See, note to *Youngblood v. South Carolina etc. R. Co.*, 85 Am. St. 824, 835. The case at bar, it will be observed, is distinguishable from the general rule stated in that no attempt was made to show that the complainant's family was dependent upon him for support. He was asked whether or not he was a man of family, and on his answering in the affirmative, was asked of whom his family consisted. Here the examination on this subject ended; he was not asked concerning their situation financially, and so far as the record discloses, they may all be in that respect independent of any effort of his.

The rule of the cases holding such evidence, whether or not accompanied by the proofs of dependency, inherently prejudicial, we do not think is sound. Such evidence is in its nature preliminary. It is to be classed with that character of testimony introduced as explanatory of the situation of the parties, their character and conduct, thus enabling the jury to better apply the evidence bearing directly upon the subject of the litigation. In this very case, for example, the respondent was questioned by his counsel, and allowed to answer without objection from the other side, concerning the length of time he had resided at his then residence, where he had formerly resided, and the length of time he had resided at the places he mentioned, the different trades and businesses he had pursued for gaining a livelihood, and his occupation at the time he was injured. These facts clearly had no bearing upon the immediate question of the respondent's injuries, and if the cause and effect of such injuries were the sole inquiry, were utterly immaterial. Yet it will be recognized by all practitioners that no unusual course was

here pursued. The purpose of the testimony was to give the jury some idea of the habits, character, and standing of the plaintiff, that they might better weigh the credibility of his testimony and judge of the good faith of his complaint. The inquiry concerning the family has a similar purpose, and where it is not accompanied by proof of dependency of the family, we do not think it reversible error to admit it.

The question in this case, however, can be rested on much narrower grounds. The facts here thought to be objectionable were practically all disclosed by the evidence introduced to prove other facts, and which from its nature could not be excluded. The plaintiff while testifying to his injuries and the suffering that followed therefrom necessarily referred repeatedly to his "home;" his wife was a witness in his behalf and necessarily testified to her relationship to him; a physician, called by the defendant while being questioned by its counsel in explanation of his business relationship to the plaintiff, testified that he had at one time been the plaintiff's family physician. The only fact testified to by the respondent not disclosed by this evidence is the number of his children. That he had a home, a wife, and was a man of family was plainly disclosed. To show further that there were three children in his family, we can hardly think calls for reversal.

In our determination of the question under discussion, we have not relied on the case of *Starck v. Washington Union Coal Co.*, 61 Wash. 213, 112 Pac. 235. In that case one of the reasons given for upholding the verdict against the claim of excessiveness was that the injured party had a wife and five children dependent upon him for support. Lest it be thought that we thereby sanctioned this character of proof as proper for the purpose of enhancing damages, we take this opportunity to say that such was not our intention. The weight of authority and the better reason is with the rule that evidence of the fact that the injured person has a family or other persons dependent upon him for support is

inadmissible for the purpose of enhancing damages, and we did not, in the case cited, intend to depart from the rule.

The further assignment, namely, that the verdict is excessive and appears to have been given under the influence of passion and prejudice, we likewise think is not well taken. There have been two trials of the facts before juries, each leading to the same result. The first verdict was set aside by the trial judge on the sole ground that it was deemed by him excessive, and the plaintiff given the option to take a judgment for one-half of the sum returned by the jury or submit to a new trial. He chose to submit to a second trial, and we are now asked to compel him to accept a less sum than the jury returned in this second verdict or submit to a third. But without specially reviewing the record, we do not think it requires a further trial. It must be remembered that the character of the accident was such as to preclude any defense on the part of the appellant as to its liability therefor, and it is not contended that the injuries inflicted on the respondent were so far trivial as not to warrant a recovery for something more than nominal damages. The question of the amount that should be awarded is therefore solely one for the jury, and neither the trial court nor this court has the right to substitute its judgment for that of the jury as to the amount of such award. When, therefore, there have been two trials of the same issue on questions solely within the province of the jury with the same result, courts rightly hesitate to interfere therewith. *Buyken v. Lewis Construction Co.*, 59 Wash. 220, 109 Pac. 608; *Caldwell v. Northern Pac. R. Co.*, 62 Wash. 420, 113 Pac. 1099.

The respondent's ailment as diagnosed by that of his physician is traumatic neurasthenia. If his own story of his condition be true he is a physical wreck, unable to pursue his usual avocation, or to pursue any avocation that requires physical strength or physical endurance. It was the evidence of all the witnesses who testified on the subject that he had not done any effectual work since his injury, and the evi-

dence of one of them, who gave him employment for a short time thinking thus to assist him, was that he was unable to do physical labor.    The expert witnesses disagreed as to his condition.   His own supported his contention, those of the appellant opposed them, giving it as their view that the respondent was shamming.   On this state of the record, it seems to us that it would be an injustice to order a new trial, even though a lesser verdict would be more in consonance with our own ideas of the record.

The judgment is affirmed.

MOUNT, PARKER, and ELLIS, JJ., concur.