[No. 11684. Department Two. March 10, 1914.]

FLORENCE H. LONGMORE *et al.*, *Respondents*, v. PUGET
SOUND TRACTION, LIGHT & POWER COMPANY,
*Appellant.*[1]

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING. A cause is pending after service of summons and after answer served and filed, even if the complaint is not filed, under Rem. & Bal. Code, § 220, providing that all actions shall be commenced by the service of summons or the filing of a complaint, and § 238, providing that a court acquires jurisdiction from the time of the commencement of the action by service of summons or by the filing of a complaint.

SAME—PLEA IN ABATEMENT—DISCHARGE OF ATTORNEY—VEXATIOUS SUIT. Under Rem. & Bal. Code, §§ 259, 261, authorizing a plea in abatement by answer where the complaint fails to show that another action is pending between the same parties for the same cause, a plea in abatement is good, where it appears that, after issue joined, an attempt was made to discharge the attorney, without complying with Id., § 133, failing which, the former action was ignored and another commenced; and it cannot be said that the first action may

[1]Reported in 139 Pac. 191.

not become vexatious, since the attorney therein may note it for trial.

SAME—PLEA IN ABATEMENT—EMPLOYMENT OF ATTORNEY. Upon the plea of another action pending, it is immaterial whether the contract employing plaintiff's attorney in the former action was void, where the employment authorized the attorney to bring the suit.

DAMAGES—PERSONAL INJURIES — ENHANCING DAMAGES — DEPENDENTS. In an action for personal injuries, it is error to refuse to strike from the complaint allegations that the plaintiffs were charged with the support of minor children; and evidence thereof is inadmissible for the purpose of enhancing the damages.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 18, 1913, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by passengers upon a street car in a collision. Reversed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*C. J. Beedle*, for respondents.

MOUNT, J.—The plaintiffs recovered a judgment against the defendant for personal injuries. The defendant has appealed.

On September 24, 1912, the respondents were passengers upon a street car operated by the appellant. On that date, the street car collided with a railway train at a crossing, resulting in the alleged injury to Mrs. Longmore. On September 30, 1912, the respondents employed one S. Ross Parker as their attorney. The employment was in writing and is as follows:

"Seattle, Washington, September 30, 1912.

"We hereby authorize S. Ross Parker to act as our attorney in prosecuting our claims for damages for personal injuries against the Seattle Electric Company. Our said attorney is to present our joint claim for $10,000 damages and no settlement is to be made without the mutual consent of ourselves and our said attorney, who is to have as his fee in full one-third of whatsoever amount may be recovered by us

by suit or otherwise in settlement of our said claims.    Said
Parker to pay all costs.        T .V. Longmore
                                    "Florence H. Longmore
    "I accept the above attorneyship.
                                    "S. Ross Parker."

On October 14, 1912, Mr. Parker, as attorney for the re-
spondents, brought an action for damages against the appel-
lant.   The complaint is in the usual form in such cases, and
states a cause of action.   This complaint, together with the
summons, was served upon the appellant on October 14, 1912.
Thereafter, on October 25th, the respondents addressed a
letter to Mr. Parker as follows:

                    "Seattle, Wash., October 25, 1912.
"Mr. S. Ross Parker,
    "423 New York Block, Seattle, Wash.
    "Dear Sir:   You are hereby dismissed from any further
services as our attorney in either our will case or our injury
case against the Electric Company, because you have failed
to justly represent us as an attorney.   You have injured our
case by sending a certain letter to the Electric Company,
which states that you refuse to ask for more than Twelve
Hundred Dollars ($1,200) as a complete settlement for our
injuries, and that same letter contained other statements
damaging to our case, and that same letter is proof that you
are not acting for our interests in the case.   There are many
more facts we could mention.   We will allow you a reasonable
fee for what you have done to date in the will case only when
we get the estate settled.
                    "Very truly yours,
                        "T. V. Longmore
                        "Florence H. Longmore."

A copy of this letter was served upon the appellant on
October 26, 1912.   Thereafter, on November 1st, the appel-
lant prepared its answer in the action brought by the re-
spondents.   A copy of this answer was served upon Mr.
Parker, and upon each of the respondents personally, and
also upon their present attorney.   The summons and com-
plaint in that action were not filed in court.   The answer was
filed immediately after service.

Thereafter, on December 7, 1912, the respondents brought this action, alleging the same facts which were set up in the previous action, and alleging damages arising out of the same accident. This complaint alleged that the respondents were charged with the support of five minor children whose ages were from 4 to 16 years. The appellant moved to strike the paragraph containing this allegation from the complaint, which motion was denied. Thereupon an answer was filed denying any liability on account of the accident, and alleging, as an affirmative defense and as a plea in abatement, that another action was pending between the respondents and the appellant for the same cause of action set up in the respondents' complaint.

At the close of the evidence, which showed the facts as above stated, the appellant moved the court to instruct the jury to return a verdict for the appellant because of the pendency of another action between the same parties. At the same time, the respondents moved the court that all testimony in reference to the pendency of another action be withdrawn from the jury. The former motion was denied; the latter was granted. Thereafter the jury returned a verdict in favor of the respondents. The appellant thereupon moved the court for judgment dismissing the complaint, notwithstanding the verdict, on account of the pendency of a prior action, which motion was denied and judgment entered in favor of the respondents.

Upon the trial of the cause, it was admitted by the respondents that they signed the contract employing Mr. Parker as heretofore set forth. They denied, however, that they had signed the complaint in the former action. We think the great weight of the evidence is to the effect that they did sign the complaint; but, assuming that they did not, it is clear from the contract above set out that they employed Mr. Parker as their attorney to prosecute the action, and under that authority he prepared and served a summons and complaint upon the appellant; and that the appellant prepared

an answer to that complaint, which answer was served upon all parties interested and was thereupon filed in court.

The statute, Rem. & Bal. Code, § 259 (P. C. 81 § 225), provides.

"The defendant may demur to the complaint when it shall appear upon the face thereof either,—   .  .  .

"3.   That there is another action pending between the same parties for the same cause;  .  .  ."

And at § 261 (P. C. 81 § 229):

"When any of the matters enumerated in section 259 do not appear upon the face of the complaint; the objection may be taken by answer."

The fact that there was another action pending between the same parties did not appear upon the face of the last complaint, and the objection was taken by answer, which states the facts.   It was plainly the intention of the statute that two actions for the same cause should not be pending at the same time.

The trial court, when the motion to dismiss was made, was of the opinion that this action was controlled by the case of *Harris v. Fidalgo Mill Co.*, 38 Wash. 169, 80 Pac. 289, where we said:

"It is not enough to show that another action is pending, but it must appear that such other action would be liable to become vexatious, and also, that full relief could have been obtained in the former action."

But we think that case does not control this, because in that case a demurrer had been filed to the complaint on the ground that the plaintiff, being a minor, could only maintain his action through a guardian *ad litem*, and that he did not have the capacity to sue through his father and next friend. The demurrer was sustained in that case upon that ground and no further action was taken.   The order sustaining the demurrer in that case had the effect to discontinue, if not to dismiss, the action.   We said in that case that we did not think another action was pending, the complaint never having

been filed. The first complaint in this action was not filed. But the statute provides, Rem. & Bal. Code, § 220 (P. C. 81 § 131), that civil actions shall be commenced by the service of a summons, or by filing a complaint with the county clerk as clerk of the court. And at Id., § 238 (P. C. 81 § 169), it is provided:

"From the time of the commencement of the action by service of summons, or by the filing of a complaint . . . the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings. . . ."

It is plain, therefore, that after service of the summons in the first action, and after answer was served and filed, the action was pending and the cause was at issue, even though the complaint had not been filed. *Snohomish Land Co. v. Blood*, 40 Wash. 626, 82 Pac. 933; *McPhee v. Nida*, 60 Wash. 619, 111 Pac. 1049. We also said in the *Harris* case, *supra*, that,

"The mere serving of the complaint and summons upon the appellant, which instruments were never filed in court, could not become vexatious or in any way interfere with the present case, or impose a double liability on the appellant. If the appellant had deemed itself in any way imperiled by the former proceeding, it had a complete remedy under the provisions of Ballinger's Code, § 4972, by applying to the court for an order to file such pleadings forthwith, and, upon failure to comply, to dismiss the proceedings."

What was said there applied to the facts of that case. It is plain from a reading of the opinion there that the former action could never have become vexatious and was substantially dismissed; while in this case, the prior action was pending and was at issue. No argument is needed to show that it may become vexatious, because the attorney who brought it may note it for trial upon the issues. The facts in this case show that there was an attempt on the part of the respondents to discharge Mr. Parker as attorney. The statute, Rem. & Bal. Code, § 133 (P. C. 25 § 27), provides, that attorneys may be changed upon their consent, or upon the order of the court, but such change cannot be made until

the charges of such attorney have been paid by the party asking such change to be made. The respondents in this case did not pursue that remedy, but sought to discharge Mr. Parker by simply notifying him that he was dismissed, and notifying the appellant company to the same effect. Instead of prosecuting the action which had already been begun, the respondents, after an answer had been served upon them and after they knew the action was pending, employed other counsel and brought an independent action. If the provisions of the statute to the effect that another action pending between the same parties upon the same cause of action means anything and is a defense, it seems clear that the court should have dismissed this action when the facts so appeared. This court, in common with other courts, has held that, where it is shown that another action is pending between the same parties upon the same cause of action, the later action will be abated. *Tacoma v. Commercial Elec. L. & P. Co.*, 15 Wash. 515, 46 Pac. 1043; *State ex rel. Scandinavian-American Bank v. Tallman*, 29 Wash. 411, 69 Pac. 1115; *Richardson v. Richardson*, 43 Wash. 634, 86 Pac. 1069. It is plain, we think, under the statute and these decisions, that the plea in abatement is a good plea.

It is argued by the respondents that, because the complaint was not filed, there is no action pending. But the action is pending, as is shown by the statutes above quoted, without the filing of the complaint. If the respondents desired to discontinue the action, they could have done so by having their attorney discharged and the action dismissed without prejudice. They were not authorized to utterly ignore the former action and bring another independent action upon the same state of facts while the original action was pending. It was the duty of the respondents, rather than of the appellant, to dismiss the former action under the facts here presented.

The respondents also argue that the contract between them and S. Ross Parker was void. We need not decide that ques-

tion. It is sufficient to say that the employment authorized Parker to bring the action. The appellant was not required to take notice of the fact that the contract of employment of respondents' attorney was void or that there was a contract at all. It was sufficient for the appellant to know that the action had been brought in the name of the respondents.

For these reasons, the judgment of the lower court is reversed and remanded with instructions to dismiss the action.

In view of the fact that the former action may be prosecuted to a final judgment, and that amendments may be allowed therein, we may say that we are satisfied that the trial court erred in refusing to strike the allegations from the complaint with reference to the children of the respondents. The weight of authority is that evidence of the fact that the injured person has a family or other person dependent upon him for support is inadmissible for the purpose of enhancing the damages. *Eoff v. Spokane, Portland & Seattle R. Co.*, 70 Wash. 270, 126 Pac. 533.

The other questions presented upon this appeal will, in all probability, not again occur, and they will therefore not be further noticed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.