ALBERT BASCOM, Appellee, v. CLIFFORD HOFFMAN, Appellant.

EVIDENCE: Relevancy, Competency, and Materiality—Personal Injury
1  —Extent of Family. Testimony as to the number of persons in plain-
   tiff's family and their respective ages is wholly irrelevant and in-
   competent, in an action for damages for personal injury to plaintiff.

EVIDENCE: Relevancy, Competency, and Materiality—Personal In-
2  jury—Employment of Extra Help. Evidence is admissible, in an
   action for personal injury, as to the amount of extra help necessarily
   employed by plaintiff because of his injured condition, and as to
   the amount paid for such help, as bearing on the extent of plain-
   tiff's disability to carry on his usual business, and as a help in de-
   termining the worth and loss of his time.

DAMAGES: Mitigation—Applicable to All Damages. Mitigating cir-
3  cumstances, properly pleaded and proved, go to the lessening of
   actual, as well as exemplary, damages.

TRIAL: Instructions—Contradictory Instructions—Negative and Af-
4  firmative Statements. Reversible error results from instructing (1)
   that mitigating circumstances can only be considered in the diminu-
   tion of exemplary damages, and (2) that mitigating circumstances
   may be considered in diminution of any damage.

Headnote 1:   17 C. J. p. 1036.   Headnote 2:   5 C. J. p. 671 (Anno.);
17 C. J. p. 1037; 38 Cyc. p. 1340.   Headnote 3:   5 C. J. p. 674.   Headnote
4:   38 Cyc. p. 1605.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

APRIL 7, 1925.

ACTION for personal injury as result of alleged assault and
battery. From a judgment in favor of the plaintiff, on the ver-
dict of a jury, for $6,083, defendant appeals.—*Reversed.*

*Johnson, Donnelly & Lynch,* for appellant.

*John M. Redmond, Otto L. Schleuter,* and *R. S. Milner,* for
appellee.

ALBERT, J.—On the 11th of July, 1921, there arose an alter-

cation between plaintiff and defendant, out of which grew the alleged damages in this case. Such further facts as may be necessary will be stated from time to time as the opinion progresses.

In the trial of the case, over objection of the defendant, the plaintiff was permitted to testify as to the number of persons in his family, the age of each of the children, which was the

1. EVIDENCE: relevancy, competency, and materiality: personal injury: extent of family.

oldest, and which was the youngest. This testimony was properly objected to, and the ruling of the court permitting the said testimony to be admitted is the first error complained of herein.

We have had this question before us a number of times, and both sides cite Iowa authority to support their contention. One phase of the matter was finally disposed of in the case of *Cawley v. Peoples G. & E. Co.*, 193 Iowa 536, where we reviewed our former cases, and held that it was not necessarily reversible error to instruct the jury that they might consider the number and ages of the children of the deceased as bearing on the question of his incentive to industry; although this opinion was dissented to by two of our number.

We have carefully read the *Cawley* case, supra, which seems quite in line with our former pronouncement in *Nicoll v. Sweet*, 163 Iowa 683, where, after a very extended review of our own cases and the cases of other states, it was held that, in an action for negligent death, the plaintiff may show the number of children of the deceased as tending to show an incentive for thrift and accumulation of property, the same as it may be shown whether he was married or single. In that case we discussed all our former holdings on this question; but the singular feature of all of our former decisions is that, in each and every instance where we held to this rule of permitting this testimony to be introduced by the plaintiff, it was a case in which an action was brought for the negligent death of the plaintiff's intestate. We have not been able to discover an Iowa case, and neither counsel, in their brief, cites one, in which the plaintiff in the action was living, and was suing for a personal injury, where we held that this line of testimony is admissible. We have intimated, however, by way of analogy, in the cases of *State v. Rutledge*, 135 Iowa 581, and *State v. Wangler*, 151 Iowa 555, that such testimony

was only admissible for the purpose pointed out in the *Nicoll* case.

In the present case, plaintiff is suing defendant for assault and battery committed on plaintiff by defendant. It is for the injury to the person of the plaintiff herein that he is seeking to recover. Just what aid it would be to the jury to permit the plaintiff to testify as to whether or not he had any children, and if so, the number thereof and the respective ages of each, is something that we are unable to comprehend. The testimony seems to us to be wholly irrelevant and incompetent. It could serve no real purpose in aiding an intelligent mind in reaching the proper conclusion as to how badly the defendant was injured, or the amount that he should be awarded for such injury. It could only serve one purpose, which was evidently the purpose of the plaintiff in offering the testimony, and that was to arouse the passion and sympathy of the jury, and thereby enhance plaintiff's damages. Outside of this state, this question has been disposed of in several jurisdictions. The real logic of the best considered cases and the weight of authority seems to support this view of the matter, and to hold that this testimony is not competent. *Mahaney v. St. Louis & H. R. Co.*, 108 Mo. 191 (18 S. W. 895); *City of Kinsley v. Morse*, 40 Kans. 577 (20 Pac. 217); *City of Galion v. Lauer*, 55 Ohio St. 392 (45 N. E. 1044); *Longmore v. Puget Sound Traction L. & P. Co.*, 78 Wash. 468 (139 Pac. 191). Further, see the many cases cited in Note 63, 17 Corpus Juris 1036.

The United States Supreme Court had this question before it in the case of *Pennsylvania Co. v. Roy*, 102 U. S. 451, and disposed of it as follows:

"The plaintiff was permitted, against the objection of the defendant, to give the number and ages of his children,—a son ten years of age, and three daughters, of the ages, respectively, of fourteen, seventeen, and twenty-one. This evidence does not appear to have been withdrawn from the consideration of the jury. It certainly had no legitimate bearing upon any issue in the case. The manifest object of its introduction was to inform the jury that the plaintiff had infant children, dependent upon him for support, and consequently, that his injuries involved the comfort of his family. This proof, in connection with the im-

pairment of his ability to earn money, was well calculated to arouse the sympathies of the jury, and to enhance the damages beyond the amount which the law permitted: that is, beyond what was, under all the circumstances, a fair and just compensation to the person suing for the injuries received by him. How far the assessment of damages was controlled by this evidence as to the plaintiff's family, it is impossible to determine with absolute certainty; but the reasonable presumption is that it had some influence upon the verdict.''

The reasoning in this quotation appeals to us as sound and logical; and, while we fully sustain our former decisions on this question, where the injuries for which suit is brought result in death, we feel that such rule should not apply where the injury on which suit is brought does not result in death. It is apparent, therefore, that the ruling of the district court permitting the introduction of this evidence, over objection, was error.

Plaintiff, over objection, was also permitted to offer testimony that he was compelled to hire extra help; that he hired one man at an expense of $40 a month, plus board, and furnished him a horse; that, in addition, he hired two extra men, to help take care of the oats. He paid them $3 a day. He hired two men in corn-husking time, and paid them 5 cents a bushel, and board. They husked about 5,000 bushels.

2. EVIDENCE: relevancy, competency, and materiality: personal injury: employment of extra help.

It is now urged by the defendant that the admission of this line of testimony was error. We think testimony is admissible, under such circumstances, tending to show that there was a decrease of plaintiff's ability to work, and the extent thereof. It is not to be considered as one of the elements for which damages can be allowed. The only Iowa case we have on this subject is *Kendall v. City of Albia,* 73 Iowa 241. In that case, the plaintiff was suing for a personal injury caused by the defective sidewalk of defendant; and, in testifying in relation to the value of his time in the business in which he was engaged, he was permitted, over objection, to testify that he was compelled to employ a man to attend to it for him; but it does not appear how much he paid the man.

It is said, under the facts in that case, that his testimony

was of little practical importance, for the reason that the length of time the man was employed and so paid does not appear. Therefore, the evidence is held nonprejudicial. We are disposed to hold the rule to be that, whenever the evidence shows that the person is injured, and unable to pursue his ordinary vocation, and employs someone to carry out. the work for him, such fact is admissible, and the reasonable amount of wages that he paid the one so employed is also admissible: first, as tending to show the extent of his disability or impairment in the. carrying on of his business, and second, to be taken into consideration in determining the worth and loss of his time. This seems to be the rule in 4 Sutherland on Damages (4th Ed.), Section 1248, and the cases cited under Note 30 therein. We are of the opinion, however, that such testimony should be restricted to the proof of the employment of the help who did do the work that the plaintiff would have done, had the injury not occurred.

As applying to the present case, the evidence does not show that the employment of all this additional help was necessary to do the work that the plaintiff would have done if the injury had not occurred. In other words, the employment of two men in the harvesting of the oats and of the two men to pick the corn is not shown to be brought about or necessitated by reason of the injury of the plaintiff. Where the evidence does not show that the reasonable necessity for additional help was traceable to the injury which complainant receives, it should not be admitted in evidence.

Exception was taken to Instruction 11 in the charge of the court, which, in substance, told the jury that mitigating circumstances pleaded and shown in the case could not be used for 3. DAMAGES: mitigation: applicable to all damages. reducing the actual damages, but could only be used in mitigation of exemplary damages. This is not the rule in Iowa. In *Gronan v. Kukkuck*, 59 Iowa 18, at 19, this court said:

"Provocation given at the time of the assault, * * * may be shown in mitigation of damages. But if time for reflection intervened after the provocation, it will not extenuate the violence. This is the settled rule of this state. *Thrall v. Knapp*, 17 Iowa 468; *Ireland v. Elliott*, 5 Iowa 478."

This doctrine was approved by us in *Finn v. Stoddard*, 179

Iowa 904. Regardless of what the rule may be in other states, this seems to be the settled rule in Iowa. The court seems to have recognized this as the logical rule, in Instruction 18, where he says:

"No words alone, however opprobrious or insulting, will justify an assault and battery by the person to whom they are addressed; but the words and the circumstances and the manner in which they are uttered may be considered by the jury in mitigation of any damage to which the plaintiff would be entitled."

If for no other reason, this conflict between these two instructions would be ground for reversal. When conflicting instructions are given, one of which announces a correct view,

4. TRIAL: instructions: contradictory instructions: negative and affirmative statements.

and the other the incorrect one, the case must be reversed; for there is no means of knowing which one the jury followed. *Peterson v. McManus*, 187 Iowa 522; *In re Estate of Workman,* 174 Iowa 222; *Moran v. Martinson,* 164 Iowa 712, and cases therein cited.

Some other matters are insisted upon in argument, but we do not deem them of sufficient importance to give further attention to them.

For the reasons above specified, the court erred in ruling on the demurrer, and the case is, therefore, reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.