### S. H. OLIVER, Appellant, *v.* JAMES HARVEY, Respondent.

NOTICE OF APPEAL—PARTIES CANNOT WAIVE, SO AS TO GIVE JURISDICTION.— The service and filing the notice of appeal is indispensable in order to give this Court jurisdiction. A waiver of the filing by the stipulation of the parties is not the equivalent of the filing of the notice. Consent, though it may waive error, cannot confer jurisdiction.

APPEAL from Benton County.

This is a motion interposed by respondent's counsel to dismiss the appeal, for the reason that the notice is defective and insufficient. The notice is as follows:

"*In the Supreme Court of the State of Oregon.*

S. H. OLIVER, Plaintiff and Appellant, 
  *v.* 
JAMES HARVEY, Defendant and Respondent.

"*To James Harvey, or his attorneys of record:*

"You will please take notice that the above-named S. H. Oliver appeals from the judgment of the Circuit Court of said county, rendered at the November term thereof for the year 1873, against this appellant for costs, and in favor of the said James Harvey, respondent herein, to the Supreme Court of the State of Oregon."

There is also a stipulation, signed by the counsel for the respective parties, continuing this cause from the last August term of this Court until this term.

*R. S. Strahan,* for the motion.

*F. A. Chenoweth,* contra.

By the Court, PRIM, J.:

The notice of appeal, as has often been decided by this
Court, should describe the judgment appealed from with
sufficient certainty to enable all the parties interested in
the matter to know definitely what judgment is appealed
from.   The judgment in this notice is described as having
been rendered in the Circuit Court of "said county."   No
county had been mentioned and previously referred to, and
from the caption it could only be gathered that the paper
referred to some proceeding in the Supreme Court.   We
think it too indefinite, and cannot extend the jurisdiction
of this Court over the respondent.

It was argued by counsel that the general appearance and
stipulation mentioned in the statement gave this Court ju-
risdiction, notwithstanding the defect in the notice of ap-
peal.   To this proposition we cannot assent.   By the Code,
§ 525, "a judgment or decree may be reviewed as prescribed
in this title, and not otherwise."

Section 527 provides that "an appeal shall be taken and
perfected in the manner prescribed in this section, and not
otherwise.   The appellant shall cause a notice to be served
on the adverse party, and file the original with proof of
service indorsed thereon with the clerk where the judgment
or decree is entered."   This is the only mode prescribed in
which an appeal can be taken to the Supreme Court.   The
*service* and *filing* the *notice* of appeal is indispensable in
order to enable the appellate court to obtain jurisdiction of
the cause.   A waiver of the filing by the stipulation of the
parties is not the equivalent of the filing of the notice; for
consent, though it may waive error, cannot confer jurisdic-
tion.

This view is fully sustained in *Bonds* v. *Hickman* (29 Cal.
460).   That was a case where the parties undertook by
stipulation to waive the filing and service of the notice un-

der a statuté exactly like ours.    We are therefore of opinion that the motion should be granted.

Appeal dismissed.