## C. E. P. Wood *vs.* S. S. Mastick and S. B. Mastick.

The owner of certain real estate entered into an agreement for the sale of the same and the execution of a deed, upon the vendee, as a condition precedent, paying the purchase price and its interest and all taxes accruing against the land.

That non-payment of the agreed sums at the specified time should render moneys to be paid, at once due, with a right in the vendor of the foreclosure.

Held, an executory contract of sale on terms, and an equitable mortgage, securing to the vendor the right to foreclose all interest of the vendee acquired in the property, for non-performance of the contract on the part of the latter.

Held, also, that the vendor had the option of tendering a deed and recovering the purchase price of the land, or proceeding to foreclose the mortgage.

When the Court improperly sustains a demurrer to the complaint; exception is allowed and an amended complaint is filed; judgment rendered against the plaintiff; his right of objection based upon the exception is not waived.

All actions, for the causes mentioned in Sec. 48, Practice Act of 1877, must be brought in the Court of the County or District in which the subject of the action lies and the jurisdiction of such Court is exclusive.

Error to the Third Judicial District, holding terms at Port Townsend.

*G. Morris Haller* and *McNaught, Ferry & McNaught,* for plaintiffs in error, among others, cited the following authorities:

The weight of authority is, the vendor of real estate, after making tender of conveyance, may recover the agreed purchase price in an action at law. *Glazebrook* v. *Woodrow*, 8 Tenn. Reports, 366; *Hawkins* v. *Kemp*, 8 East. 410; *Oatman* v. *Walker*, 33 Maine, 67–74; *Alva* v. *Plummer*, 4 Greenleaf, 258; *Franchot* v. *Leach*, 5 Cowen, 506; *Trupp* v. *Bishop*, 56 Penn. 424; *Bank of Columbia* v. *Hagner*, 1 Peters, 467; Sedgwick on Measure of Damages, 205–206 and notes; *Shannon* v. *Comstock*, 21 Wendell, 457; *Hecksher* v. *McCrea*, 24 id. 304.

The right to sue cannot be given or taken away by agreement. Sedgwick on Statutory Construction, 246, Sec. 28; 2 Parsons on Contracts, 707–708 and notes; 3 Iowa, 470; 4 Cushing, 27.

Appearance of defendants by attorneys gives the court jurisdiction over the necessary parties. Code, 1877, Sec. 72, p. 17; *Carpenter* v. *City of Oakland*, 30 Cal. 440; *Tolaod* v. *Sprague*, 12 Peters, 330–1.

When necessary parties are before the court it is immaterial as to the *res* being within the jurisdiction. *Phelps* v. *McDonald*, 9 Otto, 308; *Miller* v. *Sherry*, 2 Wallace, 249; *Brown* v. *Desmond*, 10 Mass. 267; *Barrell* v. *Root*, 40 New York, 496.

Specific performance may be decreed when the parties, or the subject matter, or so much thereof, as is sufficient to enable the court to enforce its decree, are within the jurisdiction of the court. *Rourke* v. *McLaughlin*, 38 Cal. 200; *Massic* v. *Watts*, 6 Cranch, 148; *Newton* v. *Browson*, 3 Kernon, 587.

As to the power of the legislature to limit the jurisdiction of the District Court. *Stevens* v. *Baker*, 1 Wash. Ter. 315; *Ferris* v. *Higby*, 20 Wallace, 381–4; 9 Cal. 129; 5 id. 230; 24 id. 500.

*Struve, Haines & Leary* for defendants in error.

In case of a valid contract for the purchase of lands the vendee is deemed the owner of the land and the vendor of the purchase money. *Wright* v. *Troutman*, 81 Illinois, 374; 1 Story's Equity Jurisprudence, Secs. 790–2; id. Sec. 1212; 1 Jones on Mortgages, Sec. 173; *Flogg* v. *Mann*, 2 Sumner, 533; *Daggett* v. *Rankin*, 31 Cal. 321.

9

But in case of doubt the contract should be held a mortgage. *Wilson* v. *Giddings,* 28 Ohio St. 554; *Sears* v. *Dixon,* 33 Cal. 326; *Dorsey* v. *Packwood,* 12 Howard, 126; 12 Wis. 413; 16 id. 307.

As to measure of damages. *Old Colony Railroad* v. *Evans,* 6 Gray, 25; *Sanborn* v. *Chamberlain,* 101 Mass. 409; *Sawyer* v. *McIntire,* 18 Vermont, 27.

Plaintiff could not amend his complaint and at same time preserve his exception to the ruling, sustaining a demurrer to his original complaint. *Marshall* v. *Vicksburg,* 15 Wallace, 146–9; *Gale* v. *Water Co.,* 14 Cal. 25–8; *Sage* v. *Stentz,* 23 Ohio St. 2–9; *Peck & Cowing,* 1 Dennio, 222; *Huffman* v. *McDaniel,* 1 Oregon, 261; *Dean* v. *Lecman,* 44 Ill. 286; 2 Mich. 276; 10 Ohio, 405.

The provisions of our Practice Act, relative to change of place of trial, do not extend to actions of a local nature mentioned in Sec. 48 of the Act. In this respect our statute is declaratory of the common law. 1 Tidd's Practice (9th ed.), 247; 1 Chitty on Pleadings (12th Am. ed.), 266–8.

Actions like the one at bar have a local venue, and must be brought in the county where the land is situated. 15 Am. Decis. 37; 6 Modern Reports, 222; Tyler on Ejectment, 382; 18 Georgia, 719; 14 Johnson, 134; 9 id. 67; 2 W. Blackstone Repts. 1055.

*Opinion by Wingard, Associate Justice.*

On August 19th, 1880, Charles E. P. Wood filed his complaint in the District Court, of the Third Judicial District, of Washington Territory, holding terms at Port Townsend, as vendor of certain real estate therein situate, in Snohomish county, in the Third Judicial District, against Seabury L. Mastick and Levi B. Mastick, vendees, alleging a contract in writing, made by the parties on the 19th day of June, 1878, for the purchase of said real estate, the purchase price, $2000.00, to be paid to plaintiff June 1st, 1879, said payment to be a condition precedent to the conveyance, also alleging due tender of a good and sufficient deed on June 1st, 1879, demand for the money on said day, non-payment thereof, and readiness to convey on part of plaintiff ever since, and, at the time of filing the complaint, a

deposit with the clerk of said Court a good and sufficient deed of said premises for the defendants, and due performance of all conditions on plaintiff's part, and prays judgment for the agreed purchase price.

To this complaint, after due personal service, in Jefferson County, W. T., defendants appeared in the action, and interposed a demurrer, in substance that the complaint does not state facts sufficient to constitute a cause of action, which demurrer was by the court sustained, whereupon plaintiff, saving his exceptions, filed his amended complaint, addressed to the chancellor, alleging the same facts and praying specific performance, a judgment in personam for the agreed purchase price, and that said real estate be sold to satisfy the judgment and for general relief.

To this amended complaint, defendants filed their motion to dismiss the action for want of jurisdiction of the court over the subject matter, which motion was by the Court sustained, all relief in said Court refused and final judgment entered, dismissing the cause and assessing the costs against plaintiff, to all of which plaintiff duly excepted, and seeks to have the same reversed.

The contract was set out verbatim in the complaint and is as follows, to-wit: Agreement made this nineteenth day of July, A. D. 1878, between S. L. Mastick and L. B. Mastick, the parties of the first part, and Charles E. P. Wood, the party of the second part, witnesseth:

First, That the said parties of the first part promise to buy of the party of the second part, in consideration that the said party of the second part agrees to sell all his right, title and interest of and to those two certain parcels of land situated in the County of Snohomish, Territory of Washington, described as follows, to-wit: First eighty (80) acres, known as the Lane claim, on Pillchuck creek. Second, one hundred and sixty (160) acres on French Slough, known as Frank Dolan's claim.

Second, Said parties of the first part agree and promise to pay for said lands, to the party of the second part, the sum of two thousand (2000) dollars in United States gold coin in payment as follows: The whole thereof on the first day of June

1879, with interest thereon at the rate of one per cent. per month, payable on said first day of June, 1879, and also pay all taxes and assessments which hereafter may be laid or imposed for any purpose whatever on said land, and the money agreed to be paid herein.

Third, The said party of the second part agrees, that upon the payment of said sum, interest and taxes at the time herein stated, he will convey to the said parties of the first part by deed, the said lands, in which deed his wife, Lizzie B. Wood, shall join, releasing dower.

Fourth, It is mutually agreed that the payment of said sum, interest and taxes, shall be a condition precedent to such conveyance, and that the non-payment of said sum, within two days after the time provided, shall render the moneys to be paid, as aforesaid, at the option of the party of the second part, his heirs and assigns, due and payable immediately. No notice of such option shall be required, and in case of such non-payment, this contract and all rights of the parties of the first part may be foreclosed, and attorneys fees shall be allowed, to the amount of three per cent. upon all the amount remaining unpaid, which shall be a debt due and payable upon the filing of the complaint in foreclosure. No waiver of the time of payment shall be valid in favor of the parties of the first part, except it is reduced to writing and subscribed by the parties hereto.

Witness our hands and seals this day and year first above written.

Signed, sealed, stamped and delivered in the presence of Martin White, Samuel S. Murphy.

> S. L. Mastick, [seal]
> L. B. Mastick, [seal]
> C. E. P. Wood, [seal]

Did the Court err in sustaining the demurrer to plaintiff's original complaint ?

In order to determine this question it is proper to consider what the contract aforementioned is. We are of opinion that it is nothing more than an agreement, upon terms, to sell on the one hand and to buy on the other, the land described—an execu-

tory contract, with a clause reserving to the vendor the privilege, in case of non-payment, of foreclosing *all the rights of the parties of the first part*, vendees, to which should be added and allowed an attorney's fees, to the amount of three per cent. upon all the amount remaining unpaid.

If the vendor had seen fit to foreclose these rights and keep the land, he might have done so, but he chose rather to enforce the contract of sale, and brought his suit accordingly. This, we think, he had a right to do, and, having done so, his complaint should have been sustained, and the demurrer overruled.

It is claimed by the defendants in error that the plaintiff, by amending his complaint, after the defendant's demurrer to the original complaint was sustained, waived his right to object to any error in such ruling.

This rule has important exceptions, and the case we are considering falls within one of them. The judgment, in consequence of sustaining the demurrer in the Court below, was for the wrong party. Powell on Appellate Proceedings, pp. 192 and 193; Bliss on Code Pleading, section 417.

Except as tending to establishing the practice, it is unnecessary in this case to consider the question of venue, or the jurisdiction of the Court over the subject matter, in a suit to foreclose a mortgage. We are of opinion that all actions for the causes mentioned in section 48, laws W. T., 1877, *must be commenced* in the county or district in which the subject of the action lies, and the court of no other county or district has jurisdiction, and in this case Snohomish county would have been the proper county, in which to commence an action to foreclose, had the Court below been right in holding the contract to be an equitable mortgage. This construction is aided by section 229, Laws 1877, p. 47.

Judgment reversed and a trial *de novo* ordered.