IRA COGSWELL, W. E. WILSON AND THOMAS FORREST V. CHARLES H. HOGAN, JOHN NORTHOVER AND F. J. JOHNSON.

### APPEAL — TIME — WAIVER.

The limitation as to time of appeal from the district to the supreme court cannot be waived by parties to a suit; and no such waiver, express or implied, will give the supreme court jurisdiction of a cause that is not appealed within the time prescribed by statute.

*Error to District Court, Pierce County.*

On the 21st day of March, 1888, final judgment was entered in favor of defendants in error, and it was not until the 3d day of June, 1889, that notice of appeal was served and filed in this cause, by plaintiffs in error.

*F. Campbell* and *John V. Evans* for plaintiffs in error.
*Parsons & Cadwell,* for defendants in error.

No appeal having been taken in the time allowed by law, consent of parties, or willingness of judge to hear, can not give the supreme court jurisdiction. *Stark v. Jenkins,* 1 Wash. T. 421; *Blinn v. Crosby,* 2 Wash. T. 109; Code Wash. T., §§ 458-461; Acts 1883, p. 59.

The opinion of the court was delivered by

HOYT, J. — The notice of appeal in this cause was not filed or served until long after the expiration of the time provided by statute in which an appeal can be taken. And the question presented by the motion to dismiss is as to whether or not an appeal thus taken can avail the parties thereto.

That the notice of appeal is the essential step in bringing a case to this court is not questioned, but it is claimed by counsel for plaintiff in error, that the limitation as to time of appeal can be waived by the parties, and that there has been such waiver in this case. It is not necessary for

us to decide as to said alleged waiver, as, in our opinion, it could not, if expressly made, give this court jurisdiction of a cause that was not brought here within the time prescribed by statute.

We agree with the conclusions of the supreme court of the territory as expressed by Justice GREENE in the case of *Stark v. Jenkins*, 1 Wash. T. 421, that the limitation of the time of appeal " is in the interest of the commonwealth, that there be an end of litigation, and is mandatory on the courts."

At the expiration of the time limited the cause of action is an adjudicated matter, and no consent of parties nor willingness of courts can recall a controversy thus wisely, by limitation of law, passed into the realm of ended suits. That such is the universal construction of such statutes is abundantly proved by the authorities. See *Fairchild v. Daten*, 38 Cal. 286; *Yturbide v. U. S.*, 22 How. 290. If this limitation was one that could be waived by the parties at all, then it could be waived at any time, and, if the parties should desire, this court would have to review causes in which final judgments had been rendered five, twenty-five, or one hundred years, and, as the legislature of course never intended this result, we must hold that it intended that there could be no extension of the limited time.

The motion filed in this cause is broader than it should be, but, in the view we have taken, this is immaterial.

The motion to dismiss the appeal must be granted, and it is so ordered.

ANDERS, C. J., and SCOTT, DUNBAR and STILES, JJ., concur.