[No. 2674. Decided July 21, 1898.]

## SEATTLE, LAKE SHORE AND EASTERN RAILWAY COMPANY *et al., Appellants,* v. SOL. G. SIMPSON, *Respondent,* S. LOUISE ACKERMAN, *Intervenor.*

APPEAL—LIMITATION—SERVICE OF NOTICE—JURISDICTION BY CONSENT.

A judgment dismissing an action is a final judgment, and, under Laws 1895, p. 81 (Bal. Code, § 6502), the limitation upon appeal therefrom is ninety days after the date of entry of such judgment, and not the fifteen-day limitation upon all orders other than final orders, provided for by the same statute.

Under Laws 1895, p. 561, § 82, providing that notice of appeal to the superior court from the decision of the board of state land commissioners, as to the prior right to purchase tide lands, must be served upon the respondents, or upon their attorneys, within thirty days after the filing or entry of such decision, service of the appeal notice must be made upon the attorney of record for a respondent, and the superior court can take no jurisdiction of an appeal where admission of service of the notice appears to have been made by attorneys for respondent other than the attorney of record.

Where a court has no jurisdiction of an appeal the appearance therein or consent of the respondent would not confer jurisdiction.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Struve, Allen, Hughes & McMicken,* for appellants.

*Thomas T. Littell,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellants and the respondent, Simpson, each applied to the board of state land commission-

ers to purchase a certain tract of tide land in King county. A hearing was had before the board and, after consideration of the evidence adduced upon both sides and the argument of counsel, the land in controversy was awarded to the respondent. From the decision of the land commissioners the railway company appealed to the superior court of King county. This appeal was dismissed and the complaint of the intervenor, Ackerson, filed therein, stricken out, on motion of the respondent. From the order and judgment of dismissal this appeal was taken.

The respondent moves to dismiss the appeal herein on the grounds and for the reasons that the notice of appeal was not given or the appeal taken from the order of the superior court within the time limited by law, viz., fifteen days after the service of a copy of the order and the written notice of the entry thereof upon appellants' attorneys; and that this court has no jurisdiction over the person of respondent or the subject matter involved in this proceeding. Both grounds of the motion are jurisdictional and, in effect, the same, for, if it is true that the appeal was not taken within the time prescribed by statute, then this court has no jurisdiction to hear and determine the cause. The order from which this appeal is taken was made and entered on January 28, 1897, and the notice of appeal herein was served on respondent's attorney on April 23, 1897 —eighty-five days after said order was entered and notice thereof given. Section 1 of the act of March 8, 1893, relating to appeals to the supreme court (Laws 1893, p. 119, Bal. Code, § 6500) provides that, " Any party aggrieved may appeal " . . . 1. From the final judgment entered in any action or proceeding," etc., and " 6. From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein;   or

(2) discontinues the action," etc. Section 3 of this act, which relates to the time wherein appeals may be taken, was amended in 1895 (Laws 1895, p. 81) Bal. Code, § 6502, so as to read as follows:

"In civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment; and an appeal from any order, other than a final order, from which an appeal is allowed by this act, within fifteen days after the entry of the order. . . ."

And it is contended by counsel for the respondent that, while a judgment of dismissal is so far a final judgment that it may be appealed from, it is not a final judgment in the sense used in this act; that the final judgment mentioned in the first paragraph of § 1 is a judgment rendered after issue joined and trial had, and that it is from such a judgment only that the ninety days are allowed in which to appeal. And it is argued that such must have been the legislative intention, for otherwise there was no reason for the enactment of subdivisions 1 and 2 in paragraph 6 of said section. This argument is exceedingly plausible, and would be entitled to serious consideration were it not for the provisions of the amendment above quoted. It will be observed by an inspection of this amendment that final orders, as such, are not only recognized by the statute as it now stands, but are excepted from the operation of the fifteen days' limitation within which appeals must be taken from other appealable orders. A formal judgment of dismissal of the appeal from the board of commissioners was made by, and entered in the records of, the superior court; but whether it be called a judgment or order is not material, for the court will look at the effect rather than the form of the entry. An order in form may sometimes constitute a judgment in fact. It is said in Elliott on Appellate Procedure that,

" Form is not a matter of much importance in determining whether a judgment is or is not final. If the controversy is ended between the parties so far as the court can end it, then the judgment is final, regardless of mere matters of form. This must necessarily be true, since if the order terminates the litigation in the court where it is pending, nothing more can there be done, except, perhaps, to prepare for an appeal. It is obvious that under this rule an order dismissing a case over the objection of the plaintiff may constitute a final judgment." Elliott, Appellate Procedure, § 94.

And the doctrine there laid down seems to be supported by numerous cases cited in the note. That the ruling of the superior court determined the proceeding then pending before it is scarcely open to question. The general rule of law is that a dismissal, discontinuance or non-suit (and they all, in legal effect, amount to the same thing) in a legal proceeding without a trial upon the merits, operates as a final determination of the action and carries the entire cause out of court, and all the parties to the original proceeding. 6 Enc. Pl. & Pr., pp. 978, 979. It seems clear to us that the judgment appealed from was a final judgment and that the appeal was taken within the period (ninety days) prescribed by the statute. It follows therefore that the motion to dismiss the appeal must be denied.

This brings us to the consideration of the only remaining question, which is, whether or not the appeal from the board of tide land commissioners was properly dismissed. The statute in relation to such appeals provides that,

" Any person who is an applicant to purchase any tide lands may appeal from any finding or decision of the board of state land commissioners, as to the prior right to purchase such tide lands or any part thereof, which appeal shall be to the superior court of the county in which such tide lands are situate. Such appeal shall be taken by the party desiring to appeal serving upon the party in whose favor

said decison and determination is made, and also upon all other parties who have appeared in the contest before said board, or upon their attorneys, a notice in writing that he appeals from said decision and determination to the said superior court, which said notice of appeal must be served as aforesaid, and together with the proof or admission of service indorsed thereon or attached thereto, must be filed with the said board of state land commissioners within thirty days from and after said decision and determination is filed in writing or entered in the records of said board of state land commissioners." Laws 1895, § 82, p. 561.

The decision of the board from which the appeal was taken to the superior court was made and entered on June 30, 1896, and on the 27th of July following a notice of appeal was duly prepared and served upon one Eben Smith, who acknowledged due service of the same on said date in the name of "Smith & Littell, Attorneys for Sol. G. Simpson." The motion to dismiss the appeal was based upon the alleged grounds that no notice of appeal, either in writing or otherwise, had ever been served upon said Simpson or his attorney, and that all the pleadings, papers and record entries required by law had not been prepared and certified to the clerk of the superior court. It is shown by the affidavit of counsel for the respondent filed in the superior court, as well as by the records of the proceedings before the board of state land commissioners, that Thomas T. Littell was the sole attorney for Simpson in the contest between the latter and the appellants; and it is not claimed that Mr. Smith, at the time he assumed to acknowledge service of the notice of appeal, was a partner of Mr. Littell, or authorized to accept service of the notice for him. And the question is, was a service of the notice upon Smith such a service as is contemplated by the statute above quoted in relation to appeals from the decision of the land commissioners? It is a well settled rule that ap-

pellate courts can only become vested with jurisdiction of
a cause by a strict compliance with the terms of the stat-
ute, as appeals are purely statutory. It was not only neces-
sary, under the statute, that the notice of appeal should
be properly served within thirty days, but that it should
also be filed within that time; both the serving and the
filing of the notice were necessary in order to confer juris-
diction upon the superior court. *Franklin v. Reiner*, 8 Cal.
340; *Whipley v. Mills*, 9 Cal. 641; *Hastings v. Halleck*,
10 Cal. 31; *Bonds v. Hickman*, 29 Cal. 461; *Boyd v.
Burrel*, 60 Cal. 280; *Oliver v. Harvey*, 5 Ore. 360.

But it is contended by the learned counsel for the ap-
pellants that it is morally certain that the respondent did
in fact have notice of the appeal, for the reason that it is
shown by the affidavit of said Eben Smith that, on receiv-
ing the notice, he delivered it " without delay " to the re-
spondent's attorney. We are of the opinion, however, that
that act did not constitute a compliance with the manda-
tory provisions of the statute. Appellants were required to
serve their notice either *upon the respondent* or *his attorney,*
and file the proof or admission of service with the commis-
sioners within thirty days from the date of the entry of the
decision appealed from. The record shows an admission
of service by Smith & Littell, and not by Thomas T. Lit-
tell, who alone was authorized to admit service for the
respondent; and this record evidence could not properly
be changed or contradicted after the expiration of the time
in which the admission of service could be filed. *Graham
v. Conrad*, 66 Minn. 471 (69 N. W. 334).

It is further contended upon the part of the appellants
that the respondent, by moving to strike the complaint in
intervention, appeared generally in the cause, and ought
not to be heard to question the notice. But it is a suffi-
cient answer to this proposition to observe that, if the court

had no jurisdiction of the cause, the appearance or consent of the respondent could not confer jurisdiction. This question has frequently been determined by this court. *Cogswell v. Hogan,* 1 Wash. 4 (23 Pac. 835). And see *Sawtelle v. Weymouth,* 14 Wash. 21 (43 Pac. 1101). See, also, *Oliver v. Harvey, supra; Bonds v. Hickman, supra.*

Our conclusion is that the superior court, not having obtained jurisdiction, did not err in dismissing the appeal from the land commissioners, and the judgment will therefore be affirmed.

REAVIS and DUNBAR, JJ., concur.

GORDON, J.—I concur in the result, but not in holding that a record cannot be changed so as to show *the fact of service,* after the expiration of the time fixed by the statute.