[No. 5688. Decided December 7, 1905.]

THE SNOHOMISH LAND COMPANY, *Respondent,* v. A. S. BLOOD *et al., Defendants, and* NICHOLAS SCHLUNGS, *Petitioner, Appellant.*[1]

ACTIONS — COMMENCEMENT — FILING OF COMPLAINT — MISTAKE OF CLERK. Although the clerk of court by mistake failed to indorse or enter a complaint when tendered for filing, the tender would seem to be a sufficient filing to sustain the jurisdiction of the court.

JUDGMENT—JURISDICTION—FAILURE TO FILE COMPLAINT. A judgment is not void for want of jurisdiction because of the failure to file the complaint.

JUDGMENT — VACATION — FRAUD OF COUNSEL — EVIDENCE — SUFFICIENCY. An attorney is not shown to be guilty of fraud in making a defense for the purchaser under a void tax lien foreclosure, by reason of failure to assert a claim for the value of improvements made after the sale, where it appears that the matter was discussed with his client and dropped because of the small value of the improvements.

JUDGMENT—VACATION—ERRORS OF LAW. A judgment should not be vacated for mere errors of law after the expiration of the time for an appeal.

Appeal from an order of the superior court for Snohomish county, Denney, J., entered January 7, 1905, refusing to vacate a judgment, after a hearing on the merits.  Affirmed.

*Nicholas Schmitt,* for appellant,

*Bell & Austin,* for respondent.

FULLERTON, J.—In May, 1903, the respondent began the above entitled action against the defendants, to quiet title

1Reported in 82 Pac. 933.

in itself to eighty acres of land, situated in Snohomish county, to which the defendants were making adverse claims. The defendant Nicholas Schlungs alone appeared and defended. He set up title in himself by virtue of a deed acquired in a tax foreclosure proceeding, at the sale under which he became the purchaser. The respondent, in its reply, set up matters tending to show that the proceedings on which Schlungs relied were invalid; alleging, further, that it had theretofore tendered him the amount the assessment rolls showed he had paid as taxes, with interest, and offering to pay any such sum as the court should find to be due him on account of taxes paid by him on the property in dispute. A trial was had on these issues, at which the court held the tax deed invalid, found that Schlungs had paid a definite sum as taxes, and adjudged that the respondent pay the amount thereof into court for him, and that thereupon the respondent's title to the land be quieted. The money was paid into court, and afterwards withdrawn by Schlungs' attorneys and tendered him. He, however, refused to accept the amount paid, and it was retained by the attorneys awaiting his order at the time of the trial.

Some nine months after the judgment was entered, Schlungs employed other counsel, and instituted this proceeding to set the judgment aside. In the petition to vacate, he alleges, first, that the judgment is void; next, that if not void, it is erroneous; and, lastly, that it was obtained by collusion between his former counsel and the plaintiff in that case, respondent here, by which he was defrauded of his interests in the property. He alleged, also, that he was foreign born, having but an imperfect acquaintance with the English language, and was unable to understand the proceedings sufficiently to protect himself against the fraudulent acts of his counsel. The trial court denied the application, and this appeal is taken therefrom.

The reason assigned for the first contention is that the record fails to show that the complaint was filed with the

clerk of the court on or before the day the cause was called
for trial.   On this point, the court found that the complaint
was tendered for filing, and left with the clerk at the proper
time, but that the clerk omitted to place the customary file
marks thereon, or record the filing in the appearance docket.
It would seem that, if it were necessary to file the complaint
in order to give the court jurisdiction to enter a judgment
in the cause, that the act of the plaintiff shown here would
be a sufficient compliance with the requirement.   But we
cannot hold that, were there a total omission in this regard,
the judgment would be void.   Should a defendant object to
proceeding with a case until the complaint is filed, and should
the trial court overrule that objection, this ruling might,
owing to the somewhat peculiar requirements of our statute,
be error sufficient to reverse the case on appeal *(Ashcraft v.
Powers,* 22 Wash. 440, 61 Pac. 161) ; but this is the extent
of the rule.   Since an action can be commenced without the
filing of a complaint, it may proceed to judgment without
such filing, and a judgment entered thereon is not void, how-
ever erroneous it may be.

The judgment not being void, the appellant was not entitled
to have it vacated unless he showed it to be erroneous, and
that it was obtained in the manner alleged in his petition
to vacate it.   On the question of fraud on the part of his
counsel, there was no proof whatever.   It appears that his
counsel not only acted in good faith towards him, but that
they made all proper defenses, and failed only because the
trial court disagreed with them as to the law of the case.
True, it is complained now that the appellant had made im-
provements on the land, while holding under his tax deed, on
the faith of his title, and that he was entitled to be paid for
these improvements as a condition precedent to a vacation
of the tax sale, and that no claim was made for the value
of these improvements in the answer.   But if this were a
cause for vacating the judgment, a question we do not de-
cide, it appears that this matter was taken up with the ap-

pellant before the answer was filed, and it was agreed that these improvements were not of sufficient value to make them worthy of a contest. This being true, there could be no fraud or neglect on the part of his counsel for failing to make the claim.

The other grounds urged for vacating the judgment are equally untenable. The trial court found, and the record sustains the finding, that the appellant was not hampered in his defense by any want of familiarity with the English language; and the claim that the judgment is erroneous, even if well founded, is not, standing alone, a ground for vacating it. For mere error, the statute of appeals furnishes an ample remedy, and appeal must be resorted to for its correction.

The order appealed from is affirmed.

MOUNT, C. J., RUDKIN, CROW, DUNBAR, and HADLEY, JJ., concur.