[No. 18454. Department One. April 23, 1924.]

PREMIER WRENCH COMPANY, *Respondent,* v. G. B. PEARSON *et al., Defendants,* JOE COHEN *et al., Appellants.*[1]

GARNISHMENT (9, 32)—JUDGMENTS (260)—ASSIGNMENT—FILING AND RECORDING—PRIORITIES. An assignment of "the amount recovered by me this day" in a designated case, made after the judge announced his decision, but before the formal judgment was signed and entered and filed in the clerk's office, is an assignment of the judgment to be entered, which was done three days later, and takes precedence over a subsequent writ of garnishment against the judgment creditor, served after the entry of the judgment; in view of Rem. Comp. Stat., § 664, authorizing the garnishment of a judgment debtor of the defendant when the judgment has not been previously assigned on the record or by writing filed in the clerk's office.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 26, 1923, in favor of the plaintiff, in garnishment proceedings. Affirmed.

*Revelle, Revelle & Kells* and *C. A. Spirk,* for appellants.

*Warren Hardy* and *John T. Casey,* for respondent.

TOLMAN, J.—This is an appeal from a judgment in a contested garnishment proceeding. The facts are not in dispute, and so far as necessary to an understanding of the question of law here presented, appear to be as follows: The defendant, G. B. Pearson, sued

[1]Reported in 225 Pac. 49.

the garnishee defendant, Joe Cohen and wife, upon a
money demand. After hearing the evidence in the
case, the trial court orally announced a finding for the
plaintiff in the sum of $487. On the same day the clerk
made an entry on the journal, "Defendant rests. Re-
spective counsel submit cause without argument. Court
finds for plaintiff in the sum of $487." A like entry
was made on the appearance docket. After the court
had announced his finding and upon the same day,
Pearson, the plaintiff in that case, executed, acknowl-
edged and for value delivered to Revelle & Revelle an
assignment as follows:

"I, Gehard Pearson, doing business under the name
and style of Pacific Coast Grinding and Machine
Works, for value received hereby assign to Revelle &
Revelle all claim or claims which I have against Joe
Cohen and Helen Cohen, his wife, and Ire Lee and
Mabel Lee, his wife, or either of them, including the
amount recovered by me this day in the cause of
Gehard Pearson vs. Cohen and wife and Lee and wife,
being cause 145480 in the superior court of King
county, Washington, except so much thereof as the
said Revelle & Revelle may have a lien for, for services
rendered in said cause, it being my intention hereby to
transfer to said Revelle & Revelle all my interest in
said cause of action, and the judgment to be entered
therein."

A copy of this assignment was served upon the debt-
ors, Joe Cohen and wife, on the same day. Three or
four days later the court made formal written findings
of fact, conclusions of law, and signed a written judg-
ment order providing that Pearson recover from
Cohen and wife (and other defendants) the sum of
$487.13, and costs. The judgment fee was paid and
the judgment entered in the execution docket on No-
vember 1, 1921. An appeal was prosecuted, the judg-
ment being superseded, resulting in an affirmance of

the judgment in this court, which judgment of affirmance was entered in the execution docket of the clerk of the trial court on November 16, 1922. On December 7, 1922, after the affirmance of the judgment, and not until then, the assignment from Pearson to Revelle & Revelle was filed, and a notation thereof was made to appear in the clerk's execution docket and the appearance docket.

In the meantime respondent, Premier Wrench Company, recovered a judgment against Pearson, and on May 31, 1922, after the entry of the original judgment against Cohen and wife, and while the appeal was pending in that case, caused a writ of garnishment to issue and be served upon Cohen and wife, who answered, denying any indebtedness to Pearson. The answer being controverted, a trial was had, and from a judgment to the effect that the writ of garnishment took precedence over the assignment, Cohen and wife have appealed. The single question is thus presented as to whether it was error to so hold.

Appellants contend that the assignment, having been made and delivered before the original judgment was entered, was an assignment of a chose in action only; was effective as soon as made, without filing or entering on the record, and therefore was prior in right to the claim of Pearson's subsequently garnishing creditor. Appellants cite and rely upon the case of *Bellingham Bay Boom Co. v. Brisbois*, 14 Wash. 173, 44 Pac. 153, 46 Pac. 238, and a reading of the opinion in that case without noticing the particular facts upon which it is based would seem to justify their position. However, in that case, while the assignment was made before the entry of the judgment, as in this, the garnishment was also sued out and served three days before the entry of the judgment, so that the court was right in disregarding the judgment later entered, and in treating the

case as though no judgment had ever been entered or executed. In other words, that case concerns itself with an assignment of a chose in action only.

Here we have an entirely different situation. The assignment in terms refers to "the amount recovered by me this day in the case of *Gehard Pearson v. Cohen and wife. . . .* being cause 145480 in the superior court of King county," and expressly refers to the judgment to be entered therein. Manifestly all parties intended not alone that a chose in action should be assigned, but also an assignment of the judgment still to be entered, nothing remaining to be done but to present the final judgment for signature and filing. It is that judgment which is involved in this proceeding, and which appellants here seek to protect and preserve as against the garnishing creditor. Whatever else the assignment may be, to hold that it is not an assignment of the judgment would be a denial of its plain terms and of the manifest intent of both parties thereto.

If, then, this assignment be an assignment of the judgment to which Pearson was then entitled, and which was, in fact, entered three days after its execution, why may not the assignee maintain his title to it as against Pearson's garnishing creditor? Were it not for our statute affecting the subject, and the construction we have already placed upon it, possibly he might do so under the reasoning of the *Bellingham Bay Boom Company* case, *supra.* Rem. Comp. Stat., § 664 [P. C. § 7396], reads:

"A sheriff or constable may be garnished for money of the defendant in his hands. So may a judgment debtor of the defendant when the judgment has not been previously assigned on the record, or by writing filed in the office of the clerk, and by him minuted as an assignment on the margin of the execution docket, and

also an executor or administrator may be garnished for money due from the decedent to the defendant."

In *Mottet v. Stafford,* 94 Wash. 572, 162 Pac. 1001, in which was involved the identical question we are now considering, it was said:

"The language of the statute is plain and unambiguous and leaves nothing to interpretation. In effect it is a recording statute, and the words 'on the record' mean what they say. The evident purpose of the statute was to protect garnishing creditors who in good faith rely on the record and act upon the information thus afforded, and to prevent fraud and perjury by closing the door against antedating assignments of judgment for the purpose of defeating the rights of such creditors. . . .

"The case of *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173, 44 Pac. 153, 46 Pac. 238, is cited and earnestly relied upon as sustaining the contention that an assignment of judgment is good against a garnishing creditor even though it be not made or filed in the manner provided by § 664, *supra.* But a careful reading of that case discloses that the court was considering an assignment of an ordinary chose in action. The instrument under which appellants in that case were claiming was an assignment of an account for money advanced and labor performed, made during the pendency of an action to enforce its collection, but before the rendition of judgment. The writ of garnishment also was sued out and served prior to the rendition of judgment. Therefore the question of assigning judgments was not, and could not have been, before the court."

We can add nothing to make the law plainer, and being content with the doctrine thus announced, the judgment appealed from must be, and it is, affirmed.

MAIN, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.