[No. 19606.  Department Two.  May 12, 1926.]

JOHN COX et al., *Appellants*, v. C. C. BATEMAN *et al.*,
*Defendants*, JAMES C. DAVIS *et al.*,
*Respondents*.[1]

[1] ASSIGNMENTS (25)—EQUITIES AS BETWEEN ORIGINAL PARTIES—
AS AFFECTED BY NOTICE OF ASSIGNMENT. The assignment of pro-
ceeds which the assignor may recover in a pending action takes
precedence over a subsequent garnishment, notwithstanding the
assignment is not filed of record; Rem. Comp. Stat., § 7396, pro-
viding that the judgment debtor of the defendant may be
garnisheed when the judgment had been previously assigned of
record having no application to choses in action.

Appeal from a judgment of the superior court for
Stevens county, Carey, J., entered April 8, 1925, upon
findings in favor of defendants in garnishment pro-
ceedings, tried to the court.  Affirmed.

*W. R. Sampson* and *Goodsell & Farrington*, for ap-
pellants.

*Charles S. Albert, Ernest E. Sargent, Merritt & Cur-
tiss*, and *Albert I. Kulzer*, for respondents.

MITCHELL, J.—This is an appeal from a judgment in
a contested garnishment proceeding.  It is presented
here upon findings of fact made by the trial court, to
which no exception was taken.  The facts necessary to
an understanding of the law applicable are as follows:
In May, 1921, C. C. Bateman commenced an action
against James C. Davis, as agent of the United States,
for the recovery of the value of live stock claimed to
have been killed by the director general of railroads in
the operation of the Great Northern Railroad.  The
trial judge who heard the case filed a memorandum de-
cision on October 24, 1924, holding that Bateman was

[1]Reported in 245 Pac. 928.

entitled to recover in the sum of $350; and on the 18th day of November, 1924, made and entered formal findings and judgment accordingly, in the sum of $350, $78 costs.

While that suit was pending, and more than a year before the date of the judgment in it, Bateman, by a written instrument delivered by him to the First National Bank of Chewelah, Washington, reciting the pendency of the action, assigned and transferred to the bank "all the proceeds which he may receive in the above action subject to the lien of attorneys for their fees and advances." Whatever amounts were received by the bank were to be applied "as of the date of the receipt, on the notes or obligations of Bateman or his wife" due to the bank, the bank in no event to be responsible in any manner for the manner of the conduct of the action nor for costs, in the event of an adverse judgment. Also, more than a year prior to the date of the Bateman judgment against Davis as agent, Bateman, by a written instrument, made a partial assignment to his attorneys in that case to cover their attorneys' fees and costs which, for the purposes of this appeal, was similar to the assignment he made to the bank.

John Cox and his wife, having obtained a judgment against Bateman and wife, sued out a writ of garnishment on October 30, 1924—six days after the court's memorandum decision and eighteen days before the entry of the findings of fact and judgment in the case of Bateman v. Davis as agent—and served the writ of garnishment on Davis on November 1, 1924, seventeen days before the judgment against Davis. It appears, as argued by the appellants in their brief, that Davis as agent, by his answer to the writ of garnishment, set up the facts and affirmatively alleged that the bank had an interest in the subject-matter and was a neces-

sary party to the garnishment proceeding. The bank intervened and set up Bateman's assignment to it. Davis as agent was indebted to Bateman or his wife on no other obligation whatever. The assignment by Bateman to the bank was not filed for record in the office of either the clerk or the auditor of the county where the judgment was given. John Cox and wife, or either of them, knew nothing of the assignments at the time of, or prior to, the service of the writ of garnishment. Upon the trial of this case, the writ of garnishment was quashed and the proceeding dismissed. John Cox and wife have appealed.

[1] The argument on behalf of the appellants is that, as the assignment to the bank was not of record and as they had no notice of it, their rights upon the service of the writ of garnishment were superior to those of the bank. Section 664, Rem. Comp. Stat. [P. C. § 7396], provides, among other things, that a judgment debtor of a defendant may be garnished when the judgment has not been previously assigned of record. The statute is plain and unambiguous. It was so considered and stated in *Mottet v. Stafford,* 94 Wash. 572, 162 Pac. 1001. It applies to judgments, while the assignment in this case to the bank was not of a judgment, but merely a chose in action which was in the process of attempted collection. Nor does § 447, Rem. Comp. Stat. [P. C. § 8120], alter the situation. It provides for the recording of any assignment or satisfaction of a judgment, or any certified transcript of such assignment or satisfaction. It is confined to judgments and does not relate to choses in action. More precisely, it is appellants' contention that the assignments were only "attempted assignments of interest in a future judgment" and that the failure to file them of record cannot be otherwise than fatal to the respondents'

claims under the sections of the code already referred to. But the statutes do not speak of the assignments of future judgments; they speak of judgments. The instruments in this case do not speak of the future assignments of a judgment, or part of it, nor the assignment of a future judgment but they speak in the present tense, saying "for value received hereby assigns and transfers." Had the assignments been made after the trial judge announced his decision, but before formal findings and judgment in the case of Bateman v. Davis as agent, as was the situation in the recent case of *Premier Wrench Co. v. Pearson*, 129 Wash. 326, 225 Pac. 49, and had the assignments here been worded similarly or substantially as was the assignment in that case, where "manifestly all parties intended not alone that a chose in action should be assigned, but also an assignment of the judgment still to be entered, nothing remaining to be done but to present the final judgment for signature and filing," a different situation would be presented. But not so here, where the assignments were made long prior to the certainty of the amount of recovery, if any recovery at all was to be had—the assignment of a chose in action.

This case on principle is similar to that of *Bellingham Bay Boom Co. v. Brisbois*, 14 Wash. 173, 44 Pac. 153, 46 Pac. 238, where, after commencing an action to recover for money advanced and labor performed, and prior to judgment, an assignment of the account was made by the plaintiff to a creditor as collateral, the plaintiff continuing the litigation in his own name, as was the case in the present instance. In that case it was held, as against a writ of garnishment subsequently sued out and served, that notice to the debtor of an assignment of a chose in action, before the service of notice of garnishment upon him for a debt of the as-

signor, is not essential to the protection of the assignee. Judgment affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.