[No. 29461. Department Two. November 29, 1944.]

C. L. Miles, *Appellant*, v. Chinto Mining Company, *Defendant*, Banner Mining Company, *Respondent*.[1]

*O. C. Moore*, for appellant.

*Hamblen, Gilbert & Brooke*, for respondent.

Blake, J.—This is an appeal from a decree of the superior court of Spokane county quieting title to certain real and personal property situated in Stevens county. The action got into the superior court of Spokane county upon the following stipulation:

"It is hereby stipulated between the parties to the above action that whereas no papers therein have been filed by

[1] Reported in 153 P. (2d) 856.

either or any party thereto in Stevens County, for the convenience of the parties, their attorneys and witnesses, all pleadings and papers in said action shall be filed in the office of the clerk of the Superior Court for Spokane County, and all subsequent proceedings therein, to and including final judgment, shall be had and taken in Spokane County as on change of venue, without necessity for first filing same in Stevens County.

"It is further stipulated that all objections to and on account of venue are hereby expressly waived, and all subsequent papers and pleadings shall be entitled and venue shall be laid in Spokane County to the same purpose and effect as if the action had been first entitled therein."

■ As indicated in the stipulation, no pleadings nor papers in the action were filed in the superior court of Stevens county. Although neither of the parties has raised it, we are confronted with the question of jurisdiction of the superior court of Spokane county to entertain the action and enter a decree quieting title. It is a universal rule that the parties to an action cannot, by stipulation, confer upon a court a jurisdiction with which it is not vested. 14 Am. Jur. 380, § 184; *Cogswell v. Hogan,* 1 Wash. 4, 23 Pac. 835; *Sawtelle v. Weymouth,* 14 Wash. 21, 43 Pac. 1101; *Seattle, L. S. & E. R. Co. v. Simpson,* 19 Wash. 628, 54 Pac. 29; *Mottet v. Stafford,* 94 Wash. 572, 162 Pac. 1001.

■ Remington's Revised Statutes, § 204 [P. C. § 8541], subd. 1, provides that actions ". . . for the determination of all questions affecting the title . . . to real property" shall be commenced in the county in which the subject of the action is situated. Subdivision 2 of the section contains a similar provision with respect to an action involving rights to possession or title to any specific article of personal property.

■ While the summons and complaint were titled "IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF STEVENS," no action was commenced in that county in contemplation of Rem. Rev. Stat., § 220 [P. C. § 8432], for we have repeatedly held that the commencement of an action is not effectuated, in contemplation of that section, unless a summons is served and a complaint is filed.

An action may be tentatively commenced by either service of summons or by filing a complaint. But it is not effectually commenced unless the one is followed by the other. *Deming Inv. Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *Fuhrman v. Power,* 43 Wash. 533, 86 Pac. 940; *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049; *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B, 31; *Northern Pac. R. Co. v. State,* 144 Wash. 505, 258 Pac. 482; *State ex rel. Dahl v. Superior Court,* 13 Wn. (2d) 626, 126 P. (2d) 199.

It has been broadly stated in a number of cases that an action is commenced by the service of summons or by the filing of a complaint. The statement has been made, however, under such circumstances that it in nowise impinges upon the principle laid down in the cases just cited. See *Snohomish Land Co. v. Blood,* 40 Wash. 626, 82 Pac. 933; *Longmore v. Puget Sound Traction, Light & Power Co.,* 78 Wash. 468, 139 Pac. 191; *First Nat. Bank v. Dudley,* 80 Wash. 376, 141 Pac. 884; *Kope v. Columbia River Interstate Bridge Commission,* 147 Wash. 602, 266 Pac. 1053; *Harder v. McKinney,* 187 Wash. 457, 60 P. (2d) 84; *Craig v. Clearwater Concentrating Co., ante* p. 530, 151 P. (2d) 828.

It seems to us too clear for argument that, to effectuate the commencement of an action, in contemplation of Rem. Rev. Stat., § 220, the complaint must be filed in the superior court of the county in which the summons lays the venue. So, we say the action was not effectually commenced in Stevens county as required by Rem. Rev. Stat., § 204, subd. 1. Viewing the situation practically, the parties, by their stipulation, simply attempted to commence and maintain an action in the superior court of Spokane county to try a cause "affecting the title . . . to real property" in Stevens county.

It may be conceded that, if § 204, subd. 1, were a statute relating merely to venue, the parties could so stipulate. But it has not been so regarded or construed by our decisions; on the contrary, it has been regarded as a statute affecting jurisdiction. *Wood v. Mastick,* 2 Wash. Terr. 64, 3 Pac. 612; *McLeod v. Ellis,* 2 Wash. 117, 26 Pac. 76; *Seymour v. LaFurgey,* 47 Wash. 450, 92 Pac. 267; *State ex rel. King*

*County v. Superior Court,* 104 Wash. 268, 176 Pac. 352; *Ryckman v. Johnson,* 190 Wash. 294, 67 P. (2d) 927; *State ex rel. Hamilton v. Superior Court,* 200 Wash. 632, 94 P. (2d) 505.

In *Wood v. Mastick, supra,* the territorial court, construing the statute which now appears as Rem. Rev. Stat., § 204, subd. 1, said, p. 69:

"We are of opinion that all actions for the causes mentioned in section 48, Laws W. T., 1877, *must be commenced* in the county or district in which the subject of the action lies, and the Court of no other county or district has jurisdiction, and in this case Snohomish county would have been the proper county, in which to commence an action to foreclose, had the Court below been right in holding the contract to be an equitable mortgage."

Citing that case in *McLeod v. Ellis, supra,* the court said, p. 122:

"Under the construction thus adopted, were we to hold further that the action was one for injuries to the realty, the judgment would necessarily be reversed, and the action *dismissed for want of jurisdiction in the court below.*" (Italics ours.)

The reason for this construction of § 204, subd. 1, and antecedent statutes of the same tenor, is elaborated in *Seymour v. LaFurgey, supra,* p. 451:

"It is urged by appellant that this is a transitory action and consequently not necessary to be tried in the county where the property is situated. We do not think this contention can be upheld. Logging contracts of this character certainly affect very materially the lands upon which the timber is growing. They contemplate that the person removing the timber must take possession of the land and use it while cutting and taking off such timber. *It is the policy of our law that all transactions affecting the title to real estate shall be matters of record in the county where such real estate is situated, so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records in such county.* We think that this contract affected the title to, and interests in, these lands in such a manner as to make an action for its forfeiture local in its character. Consequently the action would

be properly brought and tried in Mason county." (Italics ours.)

The principle laid down in these cases has never been repudiated, although, in the later cases, the court has not emphasized the jurisdictional aspect of the statute, and, in one instance, apparently ignored it. *Cartwright v. Kulzer,* 140 Wash. 206, 248 Pac. 419. In that case, an action involving water rights in Stevens county was begun in Spokane county. A motion for change of venue to Stevens county was granted. The superior court of Stevens county dismissed the action, presumably because the superior court of Spokane county was without jurisdiction to order a change of venue. This view was, of course, in harmony with our previous decisions. This court, however, reversed the judgment of dismissal. Apparently, several reasons entered into the decision. It might well have been rested upon the one ground that, without regard to the order changing the venue, the filing of the complaint in Stevens county constituted the commencement of an action in the proper county. So limiting the effect of the decision, it is not actually out of harmony with our other cases.

If it be conceded that the superior court of a county in which an action *in rem* is brought affecting the title to real estate in another county, has jurisdiction to order a change of venue, then, as observed in *State ex rel. Green Mountain Lbr. Co. v. Superior Court,* 145 Wash. 532, 538, 261 Pac. 97, it "necessarily . . . would have jurisdiction and power to hear the case and enter a valid judgment on the merits, if no change of venue were asked." Of course, such a concession would constitute a complete departure from our otherwise uniform holdings that § 204, subd. 1, essentially relates to jurisdiction rather than venue.

It may be well to observe that the decision in *State ex rel. Howell v. Superior Court,* 82 Wash. 356, 144 Pac. 291, in nowise impairs the authority of the decisions upon which we now rely. In that case, an action *in rem* was brought in the county where the real property was situated. Upon motion, a change of venue to another county was granted. The court simply held that the superior court of the county to

which the cause was transferred became vested with the same jurisdiction theretofore held by the court ordering the change of venue.

We hold that the decree entered in the instant case is void for want of jurisdiction. The cause is remanded, with directions to vacate the decree and dismiss the action.

SIMPSON, C. J., BEALS, ROBINSON, and MALLERY, JJ., concur.

## ON REHEARING.

[*En Banc.* February 27, 1945.]

PER CURIAM.—Upon a rehearing *En Banc,* the majority of the court adheres to the Departmental opinion heretofore filed herein.